CASTLE & ASSOCIATES, INC. v. CUSTOM MOLDERS, INC.

No. 8314SC259

(Filed 21 February 1984)

**Brokers and Factors § 6.1— sales representative agreement—right to commissions**

    Under the provisions of a sales representative agreement, the solicitation of business terminating in a sale rather than the sale itself entitled plaintiff to a commission. Therefore, where the evidence in an action to recover commissions under the agreement disclosed that plaintiff solicited the sale in question, evidence that defendant made the actual sale was irrelevant and properly excluded by the trial court.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 30 September 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 9 February 1984.

This is a civil action wherein plaintiff seeks to recover a commission on sales made pursuant to a sales representative agreement entered into by plaintiff and defendant. After a trial before the judge without a jury, Judge Godwin made findings of fact that, except where quoted, are summarized as follows:

On 22 August 1977 plaintiff and defendant entered into a contract whereby plaintiff agreed to act as an independent sales representative for defendant in return for compensation in the form of a commission. The contract provided that defendant "was obligated to pay to plaintiff for all future orders of the products or services described for subsequent sales after termination of the agreement which business was obtained as a result of plaintiff's efforts for a period of one year from and after the effective date of termination." The agreement was terminated by defendant on 29 April 1978 to become effective sixty days later. During the period of the contract and for one year thereafter plaintiff represented the defendant in connection with sales amounting to $233,536.11, entitling plaintiff to total commissions of $11,676.81, which plaintiff has not received.

The trial court found and concluded that defendant is indebted to plaintiff in the sum of $11,676.81 plus interest. From a judgment that plaintiff have and recover this amount from the defendant, defendant appealed.

*Haywood, Denny & Miller, by George W. Miller, Jr., for plaintiff, appellee.*

*Glenn and Bentley, by Charles A. Bentley, Jr., for defendant, appellant.*

HEDRICK, Judge.

The sole question presented on appeal is whether the trial judge erred in not allowing defendant to offer evidence that it, rather than plaintiff, made the actual sale of a certain part to Pontiac Division. Defendant contends that "[t]he question of whether or not an exclusive agent can recover commissions for sales made by its principal depends on an interpretation of the contract . . .," and that, in the instant case, "the contract should be interpreted and construed against Castle to allow Custom Molders to sell its own products." Plaintiff, on the other hand, argues that the court acted correctly in excluding the evidence, citing 3 Am. Jur. 2d *Agency* Sec. 258, which provides:

Unless the contract provides otherwise, however, any agent, even if merely a nonexclusive agent, who is the originating or procuring cause of a sale, is entitled to recover commissions thereon, notwithstanding the sale was actually made or consummated by the principal personally or through another agent.

The sales representation agreement in pertinent part provides:

The termination of this Agreement, as provided by Paragraph (10) herein, shall not affect Manufacturers obligation to pay Castle its commission based on all sales of said products or services furnished to a customer company whose business with Manufacturer was obtained as a result of Castles efforts for a period of one (1) year from and after the effective date of termination.

Any construction of the contract terms leads to the conclusion that it was the solicitation of business terminating in a sale, not

the sale itself, that entitles plaintiff to a commission. Since the evidence discloses that plaintiff solicited the sale in question, and defendant does not contend otherwise, evidence as to who actually made the sale would be irrelevant and thus was correctly excluded by the trial court. We hold the findings support the conclusions, and the conclusions support the judgment.

Affirmed.

Judges HILL and EAGLES concur.